GARLAND C. KENT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 37657, 51826. Promulgated April 3, 1933.

*Geo. S. Atkinson, Esq.,* for the petitioner.
*S. S. Faulkner, Esq.,* and *R. B. Cannon, Esq.,* for the respondent.

OPINION.

LANSDON: The respondent determined deficiencies in income tax for the years 1923, 1924, 1925, and 1926 in the respective amounts of $58,147.77, $70,558.82, $36,303.90, and $13,208. The parties have stipulated the true tax liability for the years 1923, 1925, and 1926 and there is left for our consideration only the year 1924, as to which the petitioner's sole contention is that the collector erroneously refused to accept and file separate income tax returns made on the community basis which were duly executed and timely offered. The two proceedings have been consolidated for hearing and report.

Petitioner and his wife are individuals, residing at Corsicana, Texas. They were married on August 24, 1924, on December 31 of that year were living together as man and wife and from the day of such marriage constituted a marital community under the laws of Texas. Before March 15, 1925, they executed separate income tax returns for the year 1924 which had been prepared for them by a tax accountant in their service. On March 15, 1925, the accountant went with such returns to the office of the collector at Dallas and upon presentation thereof to a deputy collector was informed that

1056

they could not be received because Kent and his wife had been married within the taxable year and income received by Kent before marriage was not reportable on the community basis. Thereupon the accountant called Kent by telephone, saying that the Government would not accept the returns and asking for a check to cover the amount of additional tax under a single consolidated return. The accountant then changed figures on Kent's individual return, made other alterations and erasures, and filed the same. The petitioner never saw the changed return and knew nothing of the alterations therein until some time later. On September 25, 1925, having been advised of their legal right so to do, Kent and his wife filed separate amended returns on the community basis. The parties have now stipulated that the petitioner received separate taxable net income for 1924 in the amount of $395,311.96 and that in the same year petitioner and his wife received community taxable income in the amount of $114,373.27.

In the circumstances set out above we think it is clear that the petitioner and his wife elected to return their income for the taxable year on the community basis, as was their right under the provisions of section 223 (b) of the Revenue Act of 1924. The returns offered should have been accepted, filed and audited by the collector and any errors therein should have been adjusted later by the determination of deficiencies or overpayments.

The parties have stipulated that the true deficiencies in tax for the years 1923 and 1926 are $42,119 and $6,843.99, respectively, and that for the year 1925 there was an overpayment of $931.10. The deficiency for 1924 will be recomputed under Rule 50, in conformity with the stipulation that petitioner's separate taxable income for such year was $395,311.96.

*Decision will be entered under Rule 50.*